UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO A. LOPEZ, | No. 2:16-cv-02205-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND REQUEST TO SEAL DOCUMENTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| PRE-EMPLOY.COM, INC., | |
| Defendant. | |

This matter in before the Court pursuant to Defendant Pre-Employ.Com., Inc.'s ("Defendant") Second Notice of Request to Seal Documents in support of Defendant's Motion for Summary Judgment. (ECF No. 27.) Plaintiff Antonio A. Lopez ("Plaintiff") has not responded. Defendant asks the Court to redact and file under seal three Exhibits, U, Z, and II, affixed to Defendant's Motion for Summary Judgment. (ECF No. 24 at 1–2.) The Exhibits contain three types of information: personally identifying information such as social security numbers, sensitive information such as birth dates, and public records. (ECF No. 24 at 1–2.)

There is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Insurance Company,* 331 F.3d 1122, 1135 (9th Cir. 2003)). The party seeking to seal records attached to dispositive pleadings "must articulate compelling reasons to seal supported by

specific factual findings" sufficient to "outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178–79 (citing *Foltz*, 331 F.3d at 1135; *San Jose Mercury News, Inc. v. U.S. Dist. Ct.,* 187 F.3d 1096, 1102–03 (9th Cir.1999)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. at 1179.

Defendant requests the Court seal documents which contain personally identifying and sensitive information. Federal Rule of Civil Procedure 5.2 requires a party to redact certain identifying and sensitive information from a filing, such as full social security numbers and birth dates. Fed. R. Civ. P. 5.2(a). Defendant has shown compelling reasons to redact personally identifying and sensitive information and to file the exhibits under seal.

Defendant also requests the Court seal documents which contain information from public records. Defendant has not argued the information should be redacted or the documents sealed. Rather, Defendant has described the information as "public records" and stated it believes Plaintiff put these records at issue by filing this suit. (ECF No. 27 at 1.) Further, Defendant referred the Court to Plaintiff for any further briefing on this issue, arguing Plaintiff bears the burden in this matter.[1] (Def. Second Request to Seal Documents at 2.) Plaintiff has not filed any response or argument on this issue. Defendant has not shown compelling reasons to redact or seal documents related to the public records attached to its motion for summary judgment.

Accordingly, the Court hereby GRANTS Defendant's Second Notice of Request to Seal Documents as to personally identifying or sensitive information in the documents and DENIES the Request as to public records information in the documents, (ECF No. 27). Defendant shall file new versions of these documents that have been redacted in conformity with this Order.

IT IS SO ORDERED.

Dated: August 7, 2018

Troy L. Nunley
United States District Judge

---

[1] "To the extent the Court requests any further argument on the matter, Pre-employ submits that Plaintiff has the burden to demonstrate the Court should seal information about public records. As such, Pre-employ requests that the Court direct any order regarding further briefing, if needed, towards the Plaintiff." (Def. Second Request to Seal Documents at 2.)