UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO A. LOPEZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PRE-EMPLOY.COM, INC.,<br><br>　　　　　Defendant. | No. 2:16-cv-02205-TLN-KJN<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court pursuant to Plaintiff Antonio A. Lopez's ("Plaintiff") Ex Parte Application to File a Sur-Reply to Defendant Pre-Employ.Com., Inc.'s ("Defendant") Reply in Support of Its Motion for Summary Judgment. (ECF No. 39.) Defendant opposes Plaintiff's application. (ECF No. 40.)

Defendant moved for summary judgment on July 11, 2018. (ECF No. 22.) On June 13, 2018, the Ninth Circuit published its opinion in *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166 (9th Cir. 2018) ("Dutta"). On July 26, 2018, Plaintiff opposed Defendant's motion. (ECF No. 30.) On August 2, 2018, Defendant replied and argued, in part, that based on the Ninth Circuit's recent precedent in *Dutta*, Plaintiff "lacks Article III standing to pursue his claims" against Defendant. (ECF No. 34 at 10.)

Plaintiff argues Defendant raised new legal arguments in its reply that were not raised in Defendant's motion. (ECF No. 39 at 2.) Plaintiff argues: (i) this Court should not consider

1

arguments raised for the first time in a reply brief; (ii) if the Court chooses to consider the arguments, Plaintiff should be permitted to file a sur-reply to respond to those new arguments, especially as the Court vacated the motion hearing and Plaintiff will not have another opportunity to respond to those new arguments; and (iii) Defendant "misinterprets" *Dutta*, which supports Plaintiff's Article III standing.  (ECF Nos. 39 at 2, 39-1 at 2.)  Defendant argues: (i) it mentioned *Dutta* only briefly and only to explain that Plaintiff could not prove harm as he lacks Article III standing according to *Dutta*; (ii) Plaintiff devotes only two pages of a six-page sur-reply to discussing *Dutta*; and (iii) the Ninth Circuit issued *Dutta* before Plaintiff filed his opposition and he could have analyzed *Dutta* in his opposition.  (ECF No. 40 at 4–5.)

A district court has the discretion to allow a sur-reply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005).  Defendant states that part of its argument in its reply brief, that Plaintiff lacks standing and thus cannot prove harm as a matter of law, is "based on a Ninth Circuit ruling on July 13, 2018," and cites *Dutta*.  (ECF No. 34 at 10.) Accordingly, the Court hereby GRANTS Plaintiff's Ex Parte Application to file a sur-reply, (ECF No. 39).  Plaintiff is directed to file the sur-reply within seven (7) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: August 20, 2018

Troy L. Nunley
United States District Judge